COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-143-CR

 

 

VALDEMAR FLORES IV                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








On
January 25, 2008, pursuant to a plea bargain, Appellant Valdemar Flores IV
pleaded guilty to aggravated kidnapping, a first-degree felony.  The trial court placed Flores on seven years=
deferred adjudication community supervision and imposed a fine of $700.00.  The State filed a petition to proceed to
adjudication in August 2008 and a first amended petition to proceed to
adjudication in April 2009, alleging that Flores had violated several terms and
conditions of his community supervision by committing a new offense, consuming
alcohol, and having unapproved contact with Jesica Flores a/k/a Jesica
Lucas.  Flores pleaded true to the
alcohol consumption paragraph but not true to the other two paragraphs.  After a hearing, the trial court found that
Flores had violated the terms and conditions of his community supervision by
committing a new offense and by consuming alcohol, and it adjudicated Flores
guilty of aggravated kidnapping and sentenced him to eight years=
confinement.

Flores=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, this appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  In
addition, this court informed Flores that he may file a pro se brief, but
he has not done so.  The State has also
not filed a brief.








Once an
appellant=s court-appointed counsel files
a motion to withdraw on the ground that the appeal is frivolous and fulfills
the requirements of Anders, we are obligated to undertake an independent
examination of the record to see if there is any arguable ground that may be
raised on his behalf.  See Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State,
904 S.W.2d 920, 922B23 (Tex. App.CFort Worth
1995, no pet.).  Only then may we grant
counsel=s motion
to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).

We have
carefully reviewed the record and counsel=s
brief.  We agree with counsel that the
appeal is wholly frivolous and without merit. 
We find nothing in the record that might arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex.
Crim. App. 2005); accord Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex.
Crim. App. 2006).  Accordingly, we grant
the motion to withdraw and affirm the trial court=s
judgment.

 

 

BILL MEIER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and
MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 25, 2010











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).